IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
July 25, 2000 Session

## STATE OF TENNESSEE v. BILLY JOE PHILLIPS, a.k.a. BILLY JOE WEST, a.k.a. JOSEPH L. PHILLIPS, a.k.a. JOHN DOE

**Appeal from the Criminal Court for Morgan County**
**No. 8377   E. Eugene Eblen, Judge**

**No. E1999-00542-CCA-R3-CD**
## May 11, 2001

The defendant was convicted by a jury of one count of driving while his driver's license was revoked, one count of criminal impersonation, and was found guilty of violating the implied consent law. The defendant claims there was insufficient evidence introduced to support his convictions. After a careful review, we affirm the defendant's conviction of criminal impersonation and reverse and dismiss the defendant's conviction for driving on a revoked driver's license.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed in Part; Reversed and Dismissed in Part**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ROBERT W. WEDEMEYER, JJ., joined.

Joe H. Walker, District Public Defender; Walter B. Johnson II, Assistant District Public Defender (on appeal); Roland Cowden, Assistant District Public Defender (at trial), for the appellant, Billy Joe Phillips.

Paul G. Summers, Attorney General and Reporter; Patricia C. Kussman, Assistant Attorney General; J. Scott McCluen, District Attorney General; and D. Roger Delp, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The defendant, Billy Joe Phillips, was indicted on one count of driving under the influence, one count of driving while his driver's license was revoked, one count of criminal impersonation, and was charged with one count of violating the implied consent law under Tennessee Code Annotated section 55-10-406. A Morgan County jury subsequently acquitted the defendant of the

charge of driving under the influence, but convicted the defendant on one count of driving while his driver's license was revoked, one count of criminal impersonation, and found the defendant guilty of violating the implied consent law. On appeal, the defendant raises the following issues: 1) whether the evidence presented at trial was sufficient to support his conviction for driving with a revoked driver's license; and 2) whether evidence presented at trial was sufficient to support his conviction for criminal impersonation. A careful review of the record shows that the evidence does not support the conviction for driving with a revoked driver's license, but does support the conviction for criminal impersonation.

## FACTS

On October 14, 1996, the Morgan County Sheriff was working on a joint project with an officer from the Tennessee Wildlife Resource Agency. As the two were driving down the road, the Sheriff saw the defendant driving in a yellow convertible sports car. The Sheriff believed that there was an outstanding warrant in existence from another county for the defendant's arrest. At the Sheriff's request, the Tennessee Wildlife Resource Agency officer turned his vehicle around and began to pursue the defendant. The officers were successful in stopping the defendant.

When the officers approached the defendant's car, they noticed empty beer cans in the front floor of the car, several unopened cans of beer in the front seat, and one open beer can in the front seat of the car. The defendant smelt of alcohol.

A patrol car arrived shortly thereafter and transported the defendant to the Morgan County jail. While at the Morgan County jail, the defendant was offered a test to determine his level of intoxication. After being informed of the consequences of refusing to take the test, the defendant refused.

While the defendant was being processed, he gave the processing officer a driver's license bearing the name Billy Joe West and told the officer that his name was Billy Joe West. A conversation between the processing officer and the Sheriff ensued immediately thereafter. In the conversation between the two, the Sheriff told the processing officer that the name the defendant gave was not his correct name. The defendant was thereafter charged with the offense of criminal impersonation.

A Morgan County jury acquitted the defendant of driving under the influence, but convicted him on one count of driving while his driver's license was revoked, one count of criminal impersonation, and found him guilty of violating the implied consent law. The defendant received two consecutive six-month sentences for driving with a revoked driver's license and criminal impersonation, and his driving privileges were suspended for a period of twelve months. This appeal is properly before us as a matter of right.

## SUFFICIENCY OF THE EVIDENCE

The defendant contends that the evidence presented at trial was insufficient to support his convictions for driving with a revoked driver's license and criminal impersonation.

## Standard of Review

When an accused challenges the sufficiency of the evidence, this court must review the record to determine if the evidence adduced during the trial was sufficient "to support the findings by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). This rule is applicable to findings of guilt predicated upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. State v. Brewer, 932 S.W.2d 1,18 (Tenn. Crim. App.1996).

In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn.1978). Nor may this court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. Lianas v. State, 199 Tenn. 298, 305, 286 S.W.2d 856, 859 (1956). To the contrary, this court is required to afford the State the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. State v. Tuttle, 914 S.W.2d 926, 932 (Tenn. Crim. App.1995).

The trier of fact, not this court, resolves questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence. Id. In State v. Grace, the Tennessee Supreme Court stated, "[a] guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." 493 S.W.2d 474, 476 (Tenn. 1973).

Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden in this court of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982); Grace, 493 S.W.2d at 476.

## Analysis: Driving with a Revoked License

Two warrants for prior DUI's were introduced at trial in support of the allegation that the defendant's driver's license was revoked at the time of the instant offenses. The name on the first warrant introduced as Exhibit 2 named the defendant therein as Joseph L. Phillips. The second warrant introduced as Exhibit 3 named the defendant therein as John Doe. No one testified that this defendant was the same defendant as the defendant named in the above warrants. The warrants specified conviction dates of October 1992 and November 1992. The warrants further contained a description of the final outcomes of these cases in a section contained therein entitled "Judgment." The judgment set forth in the October 1992 warrant indicates that this defendant's driving privilege was suspended for a period of one year, and the judgment set forth in the November 1992 warrant

indicates that this defendant's driving privilege was revoked for a period of one year.

At trial, testimony was also given by the officer who processed the defendant after his arrest. The officer testified that the defendant's birth date and social security number were used to determine whether the defendant's driver's license was suspended. However, the officer never testified whom he called to make this determination, nor whether he was able to determine if the defendant's license was suspended or revoked at the time the defendant was arrested. The officer further testified that he alleged in an affidavit that the defendant's driver's license was revoked. An allegation in an affidavit however is not substantive proof of revocation. This testimony and the two warrants set forth above were all the evidence that was presented at trial to prove that the defendant's driving privileges were suspended at the time of the offenses in this case.

We are at a loss to understand why the State failed to offer documentation from the Tennessee Department of Safety, particularly, a certified copy of the defendant's "OFFICIAL DRIVER RECORD." Such evidence would have been sufficient to prove the defendant's revocation status. See State v. Donnie Ray Sisk, Franklin County, C.C.A. No. 01C01-9803-CC-00143 (Tenn. Crim. App., filed May 12, 1999, at Nashville).

While the two warrants are sufficient to prove that the defendant's driver's license may have been suspended and/or revoked at some previous point in time, they do not support the State's contention that the defendant was driving with a revoked driver's license at the time of the offenses in this case. Nearly four years had passed between the time of the aforementioned warrants and the time of the instant offenses - more than ample time for the suspension and revocation contained within the judgments of those warrants to expire. Further, the testimony given at trial by the officer who processed the defendant after the defendant's arrest does not support the contention that the defendant was driving while his driver's license was revoked. Clearly, more was necessary for the officer's testimony to establish beyond a reasonable doubt that the defendant was driving while his driving privileges were suspended or revoked. "Neither [the warrants], nor the testimony of the arresting officer, constitute proof that the [defendant's] Tennessee driver's license was ever revoked, suspended or cancelled 'by formal action' of the Department of Safety as required by Tenn. Code Ann § 55-50-102(5), (42), and (47)." State v. Matt, Davidson County, No.01C01-9108-CC-00249 (Tenn. Crim. App., filed March 31, 1992, at Nashville), perm. to appeal denied August 24, 1992. Additionally, there is nothing in the record "to show that the Department of Safety notified the [defendant] of their proposed action or actually proceeded to deprive him of the privilege of driving on a Tennessee driver's license." Id. The two warrants and testimony given in this case were insufficient to convict the defendant of driving with a revoked license.

### Analysis: Criminal Impersonation

Tennessee Code Annotated section 39-16-301(a) sets forth that "a person commits criminal impersonation who, with intent to injure or defraud another person:
(1) Assumes a false identity;
(2) Pretends to be a representative of some person or organization;

(3) Pretends to be an officer or employee of the government; or

(4) Pretends to have a handicap or disability.

The indictment against the defendant states that the defendant, with the intent to defraud another, assumed a false identity.

At trial, one officer testified that when he was processing the defendant, the defendant gave him a driver's license bearing the name Billy Joe West and told the officer that his name was Billy Joe West. The officer also testified that after the defendant gave the officer this name (Billy Joe West) during processing, the Sheriff told the officer that the name the defendant gave the officer was not his correct name.

The Sheriff of Morgan County testified as follows:

Question: Mr. Jones, did you know – how long have you known this defendant?

Answer: I've known Mr. Phillips for a few years. His mother use to take care of my mom and dad when they were in their latter years, for three or four or five years or something.

Question: So did you know him quite a few years back, then?

Answer: I knew him, not so to say personally, but I knew him when I seen him, knew his family.

Question: You knew his mother?

Answer: Yes, sir; knew his father.

Question: And at the time the years that you're talking about, when you knew his mother and father, and knew him essentially through them, I suppose.

Answer: Yes, sir.

Question: What was his name?

Answer: Joe Phillips.

Question: Now when you saw this defendant on October the 14th of 1998, did you know who he was when you saw him?

Answer: Yes, sir.

The testimony given by both the officer and Sheriff do support a jury finding of guilt beyond a reasonable doubt that the defendant engaged in criminal impersonation. There was sufficient evidence before this jury for them to properly conclude the defendant was not who he claimed to be to the officer.

## CONCLUSION

We conclude that the evidence presented at trial was insufficient to support the conviction of the defendant for driving with a revoked license but sufficient to support the conviction for criminal impersonation. Accordingly, the defendant's conviction for driving with a revoked license is reversed and dismissed and the conviction for criminal impersonation is affirmed.

-5-

_____
JOHN EVERETT WILLIAMS, JUDGE